UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| BALDOMERO LOPEZ, | ) Case No. 4:17CV0621 |
|---|---|
| Petitioner, | ) |
| | ) JUDGE JAMES S. GWIN |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| STEVEN MERLAK, | ) |
| Warden, | ) |
| Respondent. | ) MEMORANDUM AND ORDER |

Baldomero Lopez has filed a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The petition is before the magistrate judge pursuant to Local Rule 72.2. The petitioner is in the custody of the Federal Correctional Institution Elkton pursuant to journal entry of sentence in the case of *United States v. Lopez*, Case No. 7:04CR10 (M.D. Ga. Dec. 21, 2004). (R. 1, PageID #: 2.) Currently before the court are two motions filed by the *pro se* petitioner, a Motion to Supplement his habeas petition with additional argument in support (R. 12), and a Motion to Request the Assignment of Counsel (R. 13).

The underlying petition stems from Lopez's 2004 convictions for possession with the intent to distribute (1) crack cocaine and (2) marijuana, in the Middle District of Georgia, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(D), pursuant to a guilty plea. (R. 1, PageID #: 2; R. 8, PageID #: 32-33.)

In his petition, Lopez challenges his designation as a Career Offender under the United States Sentencing Guidelines, and raises the following arguments in support:

    1. Lopez is authorized to challenge the erroneous career offender designation under 28 U.S.C. § 2241.

    2. *Descamps* and *Mathis* both qualify as new statutory interpretations by the Supreme Court, which are retroactive.[1]

    3. The Florida burglary statute in effect in 1988 does not qualify as a predicate offense for either ACCA or the Guidelines Career Offender sentence enhancements.

    4. The district court's erroneous application of the Career Offender sentence enhancement in this case constitutes a fundamental error that resulted in a miscarriage of justice.

(R. 1, PageID #: 4, 5, 7, 9.) The respondent has filed a brief in opposition (R. 8), and Lopez has filed a reply (R. 11).

Lopez has since filed a Motion to Supplement, which is unopposed. Lopez asserts that the motion "is solely intended to amend the Original Motion," but no new claims or amendments are asserted. The motion simply provides additional argument. *See generally* R. 12. The motion to supplement is GRANTED as unopposed.

The motion for counsel is based on the petitioner's status as a layperson who is not a native speaker of English (although he can speak, read, and understand it).

---

    [1] The cases cited are *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276 (2013), and *Mathis v. United States*, 579 U.S. \_\_\_, 136 S.Ct. 894 (2016).

(R. 13.) Lopez asserts that he requires professional assistance, and would prefer counsel who speaks Spanish and English. *See generally id.*

There is no constitutional or statutory right to counsel in habeas proceedings, except for those prisoners under a capital sentence. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000) (citing 28 U.S.C. § 2261). *See also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)); *McKethan v. Mantello*, 292 F.3d 119, 123 (2d Cir. 2002); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Rather, "the right to appointment of counsel extends to the first appeal of right, and no further." *McCleskey*, 499 U.S. at 495 (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).)

A district court may appoint counsel for a habeas petitioner when "the interests of justice so require." *Hoggard*, 29 F.3d at 471 (citing 18 U.S.C.A. § 3006A(a)(2)). The decision whether to appoint counsel is left to the sound discretion of the district court. *Morris*, 217 F.3d at 558-559. The appointment of counsel is discretionary, when it has been determined that no evidentiary hearing is necessary. *Hoggard*, 29 F.3d at 471; *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992). Federal courts have not developed a uniform approach to motions for appointment of counsel.

In *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), the Eighth Circuit suggested "several factors to guide a district court when it evaluates whether a

petitioner needs court appointed counsel. These include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *See also Hoggard*, 29 F.3d at 471 (same). In *Sellers v. United States*, the district court considered "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F.Supp.2d 516, 522 (E.D. Mich. 2004).

The court has reviewed the record, and the grounds of Lopez's petition. The court has considered the factors discussed in *McCall* and *Sellers*. The claims and issues raised in the petition are not complex, in the habeas context. The claims and issues raised in the petition can be properly analyzed on the court record and the parties' filings. *See, e.g., Hoggard*, 29 F.3d at 471.

For the foregoing reasons, the motion to supplement (R. 12) is GRANTED as unopposed. The motion for counsel (R. 13) is DENIED.

IT IS SO ORDERED.

                                              s/ David A. Ruiz
                                              David A. Ruiz
                                              United States Magistrate Judge

Date: February 12, 2018