UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BALDOMERO LOPEZ, | ) Case No. 4:17CV0621 |
| | ) |
| Petitioner, | ) |
| | ) JUDGE JAMES S. GWIN |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| STEVEN MERLAK, Warden, | ) |
| | ) |
| Respondent. | ) REPORT AND RECOMMENDATION |
| | ) |

**I.     Background**

Baldomero Lopez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is before the magistrate judge pursuant to Local Rule 72.2. The petitioner is in the custody of the Federal Correctional Institution Elkton pursuant to journal entry of sentence in the case of *United States v. Lopez*, Case No. 7:04CR10 (M.D. Ga. Dec. 21, 2004). (R. 1, PageID #: 2.)

The petition stems from Lopez's 2004 convictions for possession with the intent to distribute (1) cocaine and (2) marijuana, in the Middle District of Georgia, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(D), pursuant to a guilty plea. (R. 1, PageID #: 2; R. 8, PageID #: 32-33.) After his conviction, Lopez was adjudged to be a Career Offender under United States Sentencing Guidelines (USSG) §4B1.1, and allegedly was sentenced to a longer term of incarceration than he otherwise would have received. (R. 1, PageID #: 2-3, 9.) In his petition, Lopez challenges his designation as a Career Offender under the USSG, and raises the following arguments in support:

1

    1. Lopez is authorized to challenge the erroneous career offender designation under 28 U.S.C. § 2241.

    2. *Descamps* and *Mathis* both qualify as new statutory interpretations by the Supreme Court, which are retroactive.[1]

    3. The Florida burglary statute in effect in 1988 does not qualify as a predicate offense for either ACCA or the Guidelines Career Offender sentence enhancements.

    4. The district court's erroneous application of the Career Offender sentence enhancement in this case constitutes a fundamental error that resulted in a miscarriage of justice.

(R. 1, PageID #: 4, 5, 7, 9.) The respondent has filed a brief in opposition (R. 8), and Lopez has filed a reply (R. 11), with a supplement (R. 12). The respondent argues that the court has no jurisdiction to review Lopez's claims "because his Section 2255 arguments are made under the guise of Section 2241 in an attempt to circumvent the procedural requirements under Section 2255." (R. 8, PageID #: 34.)

## II. Analysis

### A. Section 2241

Lopez brings his petition for a writ of habeas corpus before the court pursuant to 28 U.S.C. § 2241. (R. 1, PageID #: 1, 4.) Habeas review is generally available under Section 2241 only when an inmate attacks the execution of his sentence, rather than the validity of a conviction and sentence, which is properly brought pursuant to §§ 2254 or 2255. *Woody v. Marberry*, No. 05-1403, 2006 WL 1083941, at *3 (6th Cir. Apr. 25, 2006); *Burgess v. Merlak*,

---

    [1] The cases referenced are *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276 (2013), and *Mathis v. United States*, 136 S.Ct. 2243 (2016).

2

No. 4:17CV1349, 2017 WL 4699493, at *1 (N.D. Ohio Oct. 19, 2017) (citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)).

The Sixth Circuit has held that claims alleging "actual innocence" of a sentencing enhancement cannot be raised under Section 2241. *Jones v. Castillo*, No. 10-5376, 2012 WL 2947933, at *1 (6th Cir. July 20, 2012) (citing *Raymer v. Barron*, 82 Fed.Appx. 431, 432 (6th Cir. 2003); *Kinder v. Purdy*, 222 F.3d 209, 212-214 (5th Cir. 2000); *In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998)); *see also Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). But in *Hill v. Masters*, the Sixth Circuit held that a prisoner may raise a sentence-enhancement claim in a Section 2241 petition in very limited circumstances. *Thompson v. Terris*, No. 17-1837, 2018 WL 3570974, at *2 (6th Cir. May 21, 2018) (citing *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016)); *Wright v. Merlak*, No. 4:17CV2097, 2017 WL 6805687, at *2 (N.D. Ohio Nov. 14, 2017).

Lopez argues that, under the Sixth Circuit's decision in *Hill v. Masters*, he has the right to challenge the sentencing district court's application of the USSG §4B1.1 Career Offender sentence enhancement. (R. 1, PageID #: 3, citing *Hill*, 836 F.3d 591; R. 12, PageID #: 48 (motion is based on *Hill*).) In *Hill*, the court stated:

> . . . our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600; *see also Wright*, 2017 WL 6805687, at *2 (quoting *Hill*).

It is undisputed that Lopez satisfies the first condition; his December 21, 2004, sentencing under the then-existing mandatory guidelines pre-dated the January 2005 *Booker*

3

decision. *See generally* R. 1, PageID #: 2-3, 5; R. 8, PageID #: 33. The court will address the second and third conditions.

### B. Section 2255

The second condition to consider when determining whether Lopez may challenge the sentencing court's application of the Career Offender enhancement through a Section 2241 petition is whether he is "foreclosed from filing a successive petition under § 2255." *Hill*, 836 F.3d at 600. The *Hill* court acknowledged that habeas relief challenging imposition of a federal sentence would ordinarily lie under Section 2255. *Id.* at 594. The court stated that second or successive motions under Section 2255 are typically barred,

> . . . unless a petition (1) contains newly discovered evidence that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or (2) is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). However, where a petitioner seeks to file a successive habeas petition but cannot meet the requirements of the § 2255(h) exception, the petitioner may look to the "savings clause" of 28 U.S.C. § 2255(e) for recourse:
> 
> > An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
> 
> Thus, where the remedy under § 2255 is inadequate or ineffective, the savings clause allows a federal prisoner to "bring a claim challenging his conviction or imposition of sentence under § 2241." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam).

*Hill*, 836 F.3d at 594. Lopez invokes the savings clause, stating that Section 2255 is ineffective or inadequate to test the legality of his detention. (R. 1, PageID #: 1.)

4

*Hill* stated that the petitioner carries the burden of establishing that the savings clause applies, and "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *Hill*, 836 F.3d at 594 (quoting *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001), *cert. denied,* 534 U.S. 1008 (2001)); *see also Wright*, 2017 WL 6805687, at *1 ("extraordinarily narrow circumstances"). This is a high burden for a petitioner to meet. *Woody*, 2006 WL 1083941, at *3 (citing *Peterman*, 249 F.3d at 461).

This court has addressed the savings clause as follows:

> The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" noted above applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001) (unpublished disposition) (quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). A petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

*Burgess*, 2017 WL 4699493, at *1; *see also Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (inability to use § 2255 to challenge legality of one's detention is not enough to prove inadequacy or ineffectiveness, citing *Peterman*, 249 F.3d at 461); *Avery v. United States*, No. 1:18CV380, 2018 WL 3729069 (N.D. Ohio Aug. 6, 2018) (savings clause does not apply where petitioner asserted claim in earlier § 2255 motion and was denied relief).

The respondent asserts that Lopez acknowledges that his claims are barred under Section 2255. (R. 8, PageID #: 35; *see generally* R. 11, PageID #: 44; R. 12, PageID #: 49.) According to respondent, Lopez "previously filed a motion under 28 U.S.C. § 2255 and multiple motions requesting permission to file second or successive petitions under Section 2255, all of which have been dismissed on procedural grounds." *Id.* at PageID #: 33. Thus, the savings clause is relevant.

5

Lopez's argument that his remedy under Section 2255 is inadequate and ineffective is the following:

> (i) there exists new interpretations of statutory law that; (ii) were issued after Lopez had the ability to incorporate the new interpretations into his direct appeals or post-conviction motions; (iii) that are retroactive; and (iv) the merits argued show it is more likely than not that no reasonable juror would have convicted Lopez.

(R. 1, PageID #: 4, citing *Wooten*.) As the reference to the "reasonable juror" might signal, *Wooten* is inapposite. In *Wooten*, the petitioner argued that the savings clause should apply because a Supreme Court decision had changed the definition of a key word in the money laundering statute, and thus he was actually innocent of money laundering under the new definition.[2] *Wooten*, 677 F.3d at 306. The passage above paraphrasing *Wooten* is a specific discussion of how a petitioner may demonstrate factual innocence of his conviction of a crime. *Id.* at 307-308. That is not the case before this court. In any event, the issue of a change in statutory interpretation is a distinct issue (addressed below) from whether petitioner's remedy under Section 2255 is inadequate and ineffective.

Lopez's filings do not argue why his remedy under Section 2255 is inadequate or ineffective, but merely present conclusory statements that it is so. *See generally* R. 1, 10, 11. Lopez has failed to carry his burden of establishing that Section 2255 is ineffective or inadequate to test the legality of his detention, and that the savings clause applies. *See Hill*, 836 F.3d at 594; *Woody*, 2006 WL 1083941, at *3; *Peterman*, 249 F.3d at 461; *Wright*, 2017 WL 6805687, at *1.

---

[2] *Wooten* stated that, in addition to showing the 2255 remedy is inadequate or ineffective, "Petitioner must also allege and prove that he is 'actually innocent.'" *Wooten*, 677 F.3d at 307 (citing cases). The court in *Hill* noted that the issue before it was "a sentence enhancement, not a conviction," and set out a different test for that factual context. *Hill*, 836 F.3d at 594, 599-600.

Therefore, Lopez does not satisfy the second condition to allow a Section 2241 challenge to his sentencing.

### C. Retroactive Change in Statutory Interpretation by Supreme Court

The third condition when considering whether Lopez may challenge the sentencing district court's application of the Career Offender enhancement through a Section 2241 petition is "when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 600.

Lopez asserts that the Florida burglary statute which was in effect at the time of the relevant conviction does not qualify as a predicate offense for enhancement purposes. (R. 1, PageID #: 7.) Lopez relies on two Supreme Court cases, *Descamps v. United States* and *Mathis v. United States*. (R. 1, PageID #: 5.)

In *Descamps*, the Court explained that federal courts use the "categorical approach" in determining whether a past conviction is for a violent felony within the meaning of the Armed Career Criminal Act (ACCA), which requires comparing the elements of the statute forming the basis for the defendant's conviction with the elements of the "generic crime" as generally understood. *Descamps*, 570 U.S. at 257, 133 S.Ct. at 2281. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense. *Id.* The analysis is different when a prior conviction is for violating a so-called "divisible statute," that is, a statute that sets out one or more elements of the offense in the alternative (e.g., a burglary that involves entry into a building, or into an automobile). *Id.* In such a case, courts apply a "modified categorical approach," which involves consulting a limited class of documents, such as the indictment, jury instructions, to determine which alternative

formed the basis for the conviction, and then comparing the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime. *Id.* In *Descamps*, the Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282.

In *Mathis*, the Court held that a prior conviction does not qualify as the generic form of a predicate violent offense if an element of the crime is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. *Mathis*, 136 S.Ct. at 2251, 2257. The Court found that Iowa's burglary statute covers more conduct than generic burglary does. *Id.* at 2250. While generic burglary requires unlawful entry into a "building or other structure," the Iowa statute covered a broader range of places: "any building, structure, [or] land, water, or air vehicle." *Id.* The Court noted that the Iowa Supreme Court had held that each of the terms serves as an alternate method to commit the single crime of burglary. *Id.* The U.S. Supreme Court held that, because the elements of Iowa's burglary law are broader than those of generic burglary, the defendant's conviction under that law cannot give rise to an ACCA sentence. *Id.* at 2257.

Lopez argues that both *Descamps* and *Mathis* qualify as new statutory interpretations by the Supreme Court, which are thus retroactive. (R. 1, PageID #: 5.) He claims that the Sixth Circuit in *Hill* "held the *Descamps* decision to be retroactive because the Government conceded it was." R. 1, PageID #: 5; *see Hill*, 836 F.3d at 596. A party's concession in another case, however, does not make for binding precedent, particularly when the court did not address that issue on the merits. *See Hill*, 836 F.3d at 595-596. Moreover, since that decision, Sixth Circuit precedent has considered *Deschamps* and *Mathis* and found that neither case applies

8

retroactively to cases on collateral review. *Williams v. United States*, No. 17-5695, 2018 WL 3089199, at *2 (6th Cir. Jan. 11, 2018) ("neither *Mathis* nor *Descamps* announced a new, retroactively applicable rule of constitutional law"); *see also Burgess*, 2017 WL 4699493, at *1 (citing *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014), *cert. denied*, 135 S.Ct. 501 (2014)); *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) ("*Descamps* did not announce that its holding applied retroactively to cases on collateral review"); *In re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017) (determining that "*Mathis* did not announce a new rule," "does not announce a rule of constitutional law," and "has not been declared retroactive by the Supreme Court.") (citing cases); *Baker v. United States*, No. 1:06CR69, 2018 WL 4560201 (E.D. Tenn. Sept 21, 2018) (following *Conzelmann*).

Therefore, Lopez does not satisfy the third condition to allow a Section 2241 challenge to his sentencing.

### D. Alleged Fundamental Error

Lopez contends that the district court's allegedly erroneous application of the Sentencing Guidelines constitutes "a fundamental error that resulted in a miscarriage of justice." (R. 1, PageID #: 9, relying upon *Rita v. United States*, 551 U.S. 338 (2007).) The Supreme Court in *Rita* held that federal courts of appeals reviewing federal sentences may presume that a sentence imposed within a properly calculated Sentencing Guidelines range is a reasonable sentence. *Rita*, 551 U.S. at 341, 346-347. The *Rita* decision reviewed a conviction on direct appeal, not in the context of habeas review. *Rita*, 551 U.S. at 345-346. Lopez does not provide a specific page citation within *Rita* to any discussion of a "fundamental error" analysis, in a habeas context or otherwise, and contends that miscalculating the Guidelines range by including "an unqualified predicate act" is a fundamental error. *See generally* R. 1, PageID #: 9-10.

9

Lopez argues that his allegedly improper sentencing was a fundamental error that resulted in a miscarriage of justice and that "necessitates we again look to *Hill*." *Id.* at 10. In *Hill*, the court commented that to require Hill to serve an enhanced sentence as a career offender where he lacked the requisite predicate felonies would be a miscarriage of justice, and determined that the petitioner had satisfied the analysis set forth therein to be able to bring his petition under Section 2241. *Hill*, 836 F.3d at 600. The *Hill* analysis itself does not include a "miscarriage of justice" element. *See Hill*, 836 F.3d at 599-600. Moreover, as discussed above, Lopez does not satisfy the second or third conditions of the *Hill* test that would place this case in the narrow subset permitting review under Section 2241.

### E. Additional Authority in Reply Brief

Lopez's reply brief cites two additional cases in support of his petition, *United States v. Wyatt* and *Haun v. Barron*. (R. 11, PageID #: 44-45.) Neither case supports relief. First, the Seventh Circuit in *Wyatt* made no ruling on the merits, but stated "there is no longer any judicial procedure to remedy the situation. At this point, only the executive branch has the authority to grant Wyatt the relief he seeks." *United States v. Wyatt*, 672 F.3d 519, 524 (7th Cir. 2012). As such, that decision is inapposite. Second, in *Haun*, the Sixth Circuit ruled that an intervening change in substantive law that would negate the petitioner's conviction is required in order to establish a claim of actual innocence. *Haun v. Barron*, No. 03-5091, 2004 WL 1595187, at *4 (6th Cir. July 14, 2004). The court discussed *Bailey v. United States*, 516 U.S. 137, 145-151 (1995), which held that, under 18 U.S.C. § 924(c)(1), a firearm had to be "actively employed" to sustain a conviction, a clarification of the statutory term "use" (a firearm in a crime), thereby effectuating "an intervening change in substantive law." *Id.* Lopez does not contend that an intervening change in substantive law would negate either his earlier burglary conviction or his

10

current drug trafficking convictions. The correct analysis in this sentencing-enhancement case is whether "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement," *Hill*, 836 F.3d at 600, which has already been addressed above.

### III. Conclusion

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 should be DENIED. Lopez has failed to carry his burden of establishing that Section 2255 is ineffective or inadequate to test the legality of his detention, and that the savings clause should apply. In addition, Lopez has failed to establish that a subsequent, retroactive change in statutory interpretation by the Supreme Court shows that his previous conviction is not a predicate offense for a career-offender enhancement. Therefore, Lopez has not met the conditions to allow a Section 2241 challenge to his sentencing.

s/ David A. Ruiz<br>
David A. Ruiz<br>
United States Magistrate Judge

Date: June 14, 2019

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).