UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |
|---|---|
| BALDOMERO LOPEZ, | CASE NO. 4:17-cv-621 |
| Petitioner, | OPINION & ORDER |
|  | [Resolving Doc. 1] |
| vs. |  |
| WARDEN STEVEN MERLAK, |  |
| Respondent. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Baldomero Lopez files a 28 U.S.C. § 2241 habeas petition challenging his sentence.[1] At Petitioner Lopez's 2004 sentencing, he received the Sentencing Guidelines career-offender enhancement based on his 1988 Florida burglary conviction and his 1996 drug conviction. Petitioner claims that he received a longer sentence than he should have received because his Florida burglary conviction no longer qualifies as a predicate offense for the career-offender enhancement.

On June 14, 2019, Magistrate Judge David Ruiz issued a Report and Recommendation ("R&R") recommending that the Court deny Lopez's habeas petition because Petitioner Lopez had not shown that § 2241 gave him a right to challenge his sentence enhancement.[2] Neither party filed objections to the R&R, and absent objection, the Court may adopt the R&R without review.[3]

Nonetheless, the Court has reviewed the R&R. While the Court agrees that Petitioner

---

[1] Doc. 1. Respondent opposes. Doc. 8. Petitioner replied, Doc. 11, and filed a supplement, Doc. 12.
[2] Doc. 16.
[3] *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). The Federal Magistrates Act requires a district court to conduct a *de novo* review of the portions of an R&R to which the parties have objected. 28 U.S.C. § 636(b)(1).

Case No. 4:17-cv-621
Gwin, J.

has not shown he qualifies for habeas relief, the Court comes to this conclusion on different grounds. For the following reasons, the Court **DISMISSES** Lopez's § 2241 habeas petition.

## Discussion

In his petition, Lopez claims that he no longer qualifies as a career offender under U.S. Sentencing Guideline § 4B1.1. The § 4B1.1 career-offender enhancement applies to defendants convicted for a "crime of violence" or "controlled substance offense" felony who have at least two prior "crime of violence" or "controlled substance offense" convictions.[4] Petitioner argues that the Supreme Court's *Descamps v. United States,* 570 U.S. 254 (2013), and *Mathis v. United States,* 136 S. Ct. 2243 (2016), decisions apply retroactively and argues that his Florida burglary conviction no longer qualifies as a "crime of violence".

Petitioner has previously filed two losing § 2255 habeas petitions.[5] He brings the present petition under § 2241.

### A. Legal Standard

Federal prisoners typically bring sentencing challenges under 28 U.S.C. § 2255. However, when a prisoner cannot meet the § 2255(h) second or successive petition requirements, and the prisoner shows that § 2255 remedies are "inadequate or ineffective to test the legality of his detention," the prisoner can challenge his sentence under § 2241 via the § 2255(e) savings clause.[6]

In *Hill v. Masters*, the Sixth Circuit recognized narrow circumstances in which the § 2255 remedy is "inadequate or ineffective" for challenging a sentence enhancement and

---

[4] U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2019).
[5] *See United States v. Lopez*, No. 7:04-cr-10 (M.D. Ga.), ECF No. 56, 130 (the first and second § 2255 petitions).
[6] *Hill v. Masters*, 836 F.3d 591, 594–95 (6th Cir. 2016).

-2-

Case No. 4:17-cv-621
Gwin, J.

recognized some circumstances where petitioners may challenge an enhancement under § 2241:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005),
>
> (2) who are foreclosed from filing a successive petition under § 2255, and
>
> (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.[7]

**B. Petitioner Has Not Shown that He Is Entitled to Challenge His Sentence Under § 2241**

Petitioner claims he meets the three *Hill* requirements. However, he satisfies only two of the three *Hill* requirements.

Petitioner's December 2004 Middle District of Georgia sentence satisfies the first *Hill v. Master* requirement.[8] Petitioner Lopez was sentenced under the mandatory sentencing guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005). Lopez also satisfies the second *Hill* requirement—Lopez cannot bring a § 2255 successive petition because neither *Descamps* nor *Mathis* created "a new rule of constitutional law, made retroactive to cases on collateral review."[9]

This leaves the third requirement: Did the Supreme Court make a retroactive change in statutory interpretation that made the previous conviction not a predicate offense for a career-offender enhancement? The R&R found that Petitioner Lopez did not make this showing.

---

[7] *Id.* at 599–600.

[8] *See Lopez*, No. 7:04-cr-10 (M.D. Ga.), ECF Nos. 39, 42.

[9] *See In re Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017) (explaining that under § 2255(h), "[a] second or successive collateral attack is permissible only if the court of appeals certifies that it rests on (1) newly discovered evidence or (2) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable'").

Case No. 4:17-cv-621
Gwin, J.

This Court agrees that Petitioner does not satisfy this requirement, but for different reasons.

The R&R found that the *Descamps* and *Mathis* Supreme Court decisions do not apply retroactively in collateral proceedings.[10] This was wrong. As the Sixth Circuit and other courts have recognized, these decisions apply retroactively in collateral proceedings.[11]

Rather, *Descamps* and *Mathis* just do not satisfy § 2255's statutory eligibility requirements because these decisions were based upon statutory interpretation. They were not new rules of constitutional law applied retroactively.[12]

"When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect."[13]

So, Petitioner is correct that *Descamps* and *Mathis* are "retroactive change[s] in statutory interpretation by the Supreme Court" that occurred after his 2004 sentencing. But does Petitioner Lopez show that, as a result of these retroactively applicable statutory

---

[10] Doc. 16 at 8–9 (citing *Conzelmann*, 872 F.3d at 377, and *Williams v. United States*, No. 17-5695, 2018 WL 3089199, at *2 (6th Cir. Jan. 11, 2018)).

[11] *E.g.*, *Muir v. Quintana*, No. 17-6050, 2018 WL 4276133, at *2 (6th Cir. Apr. 26, 2018) (concluding that "*Descamps* and *Mathis* apply retroactively" on both direct and collateral review when considering whether a petitioner met the *Hill* requirements to bring a § 2241 sentence-enhancement challenge, since *Descamps* and *Mathis*'s holdings were "old rules" under *Whorton v. Bockting*, 549 U.S. 406, 416 (2007)); *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548, at *2 (6th Cir. July 12, 2017) (same, but only addressing *Mathis*); *Perez v. United States*, 730 F. App'x 804, 807 (11th Cir. 2018) ("*Descamps* and *Mathis* . . . are retroactively applicable on collateral review.").

[12] *See Conzelmann*, 872 F.3d at 376–77 (explaining that *Mathis* did not satisfy § 2255(h)(2) to file a second or successive petition because *Mathis* "did not announce a new rule of constitutional law made retroactive by the Supreme Court"); *Williams*, 2018 WL 3089199, at *2 (explaining that the petitioner did not satisfy the one-year statute of limitations under § 2255(f)(3) to file his first petition because "neither *Mathis* nor *Descamps* announced a new, retroactively applicable rule of constitutional law" (citing *Conzelmann*, 872 F.3d at 376)). *See also Leone v. United States*, 203 F. Supp. 3d 1167, 1175–80 (S.D. Fla. 2016) (explaining the difference between general principles of retroactivity in collateral proceedings and the § 2255(h)(2) standard in the context of *Descamps* and *Mathis*), *as supplemented on denial of reconsideration*, 233 F. Supp. 3d 1366 (S.D. Fla. 2017).

[13] *Hill*, 836 F.3d at 595.

interpretation rulings, his Florida burglary conviction no longer qualifies as a "crime of violence" for the Guidelines career-offender enhancement?

When Petitioner was sentenced in 2004, his 1988 Florida burglary conviction could meet U.S. Sentencing Guideline § 4B1.2(a)'s "crime of violence" definition: (1) by qualifying as a "burglary of a dwelling," one of the specifically enumerated crimes of violence (enumerated-offense clause); (2) by having as an element the use, attempted use, or threatened use of physical force against the person of another (elements clause); or (3) by presenting a serious potential risk of physical injury to another (residual clause).[14]

After *Descamps* and *Mathis*, Petitioner's Florida burglary statute conviction does not qualify as a crime of violence under the Guidelines' enumerated offense clause.[15] However, there are still two other ways that the burglary conviction could have qualified as a crime of violence.

While the burglary conviction clearly does not qualify as a crime of violence under the

---

[14] U.S. Sentencing Guidelines Manual § 4B1.2(a) (U.S. Sentencing Comm'n, eff. Nov. 1, 2004); *see United States v. McFalls,* 592 F.3d 707, 711–12 (6th Cir. 2010) (citing *United States v. Wilson,* 168 F.3d 916, 927 (6th Cir. 1999)).

[15] The Eleventh Circuit and other circuits have since found that the Florida burglary statute does not categorically qualify as a predicate offense under the enumerated offense clause because the conviction statute's elements are broader than the generic definition of "burglary of a dwelling." *See United States v. Urbina-Fuentes,* 900 F.3d 687, 694–95 (5th Cir. 2018) (relying on *Mathis* when concluding that "[a] conviction for burglary of a dwelling in Florida is not a 'crime of violence' for the purposes of the 2015 Guidelines");*United States v. Garcia-Martinez,* 845 F.3d 1126, 1134 (11th Cir. 2017) (relying on *Mathis* to find that a Florida burglary conviction did not categorically count as a crime of violence); *United States v. Esprit,* 841 F.3d 1235, 1237–1241 (11th Cir. 2016) (explaining that it had previously found that the Florida burglary statute qualified as an ACCA enumerated offense but that it was changing course in light of *Mathis*); *United States v. Ramirez,* 708 F.3d 295, 304 (1st Cir. 2013) ("We agree with the Fifth Circuit and hold the inclusion of 'curtilage' makes Florida's definition of burglary of a dwelling broader than the generic meaning of burglary of a dwelling under the Guidelines."); *United States v. Gomez-Guerra,* 485 F.3d 301, 304 (5th Cir. 2007) (per curiam) ("Because the curtilage is the grounds around the dwelling and is not the dwelling itself, we cannot hold that Gomez was convicted of the enumerated offense of 'burglary of a dwelling.'").

Even though the Sixth Circuit does not appear to have addressed this exact question, its earlier decisions compel the same finding. In *United States v. Pluta,* the court concluded that the Florida burglary statute had a broader reach than the generic definition of "burglary" for the ACCA. 144 F.3d 968, 974–76 (6th Cir. 1998). And in *United States v. McFalls,* the court interpreted the Sentencing Guidelines "burglary of a dwelling" enumerated offense to be narrower or equivalent to the ACCA's generic "burglary" offense. 592 F.3d 707, 713–14 (6th Cir. 2010) (finding that "there must be an intrusion on a place of habitation" to qualify as an enumerated "burglary of a dwelling" offense). The *McFalls* court relied on *Pluta*'s analysis of the Florida burglary statute in finding that South Carolina's similar burglary statute that included curtilage did not qualify as an enumerated offense.

elements clause,[16] the conviction does qualify as a crime of violence under the residual clause for purposes of this petition.[17]

If a Sixth Circuit court sentenced Petitioner, Petitioner's conviction may not have qualified as a crime of violence. The Sixth Circuit has found that an analogous South Carolina burglary offense was not a crime of violence under the residual clause.[18]

However, this circuit's law does not control. Though the Sixth Circuit has not made this explicit, the *Hill* ruling and its reasoning indicate that the sentencing court's circuit case law controls.[19]

In the present case, the Eleventh Circuit has concluded that a Florida burglary conviction is a residual clause crime of violence.[20] Since Petitioner's conviction still qualifies in the Eleventh Circuit as a predicate offense under the residual clause, Petitioner does not satisfy the third *Hill* requirement, that "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate

---

[16] *See Esprit,* 841 F.3d at 1236 (finding that a conviction under the same Florida burglary statute "indisputably does not implicate the elements clause" for purposes of the ACCA sentencing enhancement); *United States v. Garcia-Martinez,* 845 F.3d 1126, 1129 (11th Cir. 2017) (finding that it was "clear that a Florida conviction for second degree burglary of a dwelling does not count under § 2L1.2's elements clause," which the court has interpreted to be the same as the § 4B1.2(a) elements clause); *McFalls,* 592 F.3d at 710, 714 (finding that South Carolina's similar burglary statute "plainly does not have as an element the use, attempted use, or threatened use of physical force against another" for purposes of § 4B1.2(a)).

[17] *Chambers v. United States,* 763 F. App'x 514, 516 (6th Cir. 2019) ("We have held that *Johnson*'s holding does not extend to those sentenced under the Guidelines residual clause in the pre-*Booker* era . . . ."); *In re Griffin,* 823 F.3d 1350, 1354 (11th Cir. 2016) (applying circuit precedent to conclude that the pre-*Booker* mandatory guidelines could not be challenged as unconstitutionally vague, as in *Johnson*).

[18] *McFalls,* 592 F.3d at 712–15 (finding that a South Carolina burglary statute with a broad definition of "dwelling"—which included uninhabitable structures as far as 200 yards from a dwelling house—did not "present the same degree of risk as generic burglary of a dwelling"). Although this case dealt with the ACCA's residual clause (before *Johnson* struck down the clause as unconstitutionally vague), the Sixth Circuit has interpreted the ACCA's residual clause identically. *See United States v. Ford,* 560 F.3d 420, 421 (6th Cir.2009); *United States v. Houston,* 187 F.3d 593, 594–95 (6th Cir.1999).

[19] *See, e.g., Hill,* 836 F.3d at 596 (referring to the Fourth Circuit's interpretation of *Descamps* in considering whether a petitioner's sentence had been misapplied). To be misapplied, it would seem that the law governing the sentencing court would have to have changed.

[20] *Garcia-Martinez,* 845 F.3d at 1133 n.5 (explaining that "Florida burglary of a dwelling categorically counts as a crime of violence under the career offender sentencing guideline" because of the residual clause (citing *United States v. Matchett,* 802 F.3d 1185, 1197 (11th Cir. 2015); *United States v. Davis,* 881 F.2d 973, 976 (11th Cir. 1989))).

Case No. 4:17-cv-621
Gwin, J.

offense for a career-offender enhancement."[21] As such, Petitioner has not met the § 2255(e) savings clause requirements to challenge his sentence enhancement under § 2241.

## Conclusion

For the reasons stated, the Court **DISMISSES** Lopez's § 2241 habeas petition for lack of jurisdiction.

IT IS SO ORDERED.

Dated: August 2, 2019                    s/    James S. Gwin
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[21] *Hill*, 836 F.3d at 599–600.